[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14705
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00018-BAE-GRS-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LAMONT DAVIS,
a.k.a. Moo Dog,
a.k.a. Moo Moo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 2, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

After pleading guilty, Christopher Lamont Davis appeals his 92-month sentence for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  On appeal, Davis argues that his sentence, above the advisory guidelines range of 57 to 71 months' imprisonment, is procedurally and substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.  Id.

Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances.  Id.  Although in choosing a sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor explicitly.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  The weight to be given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  A sentence imposed well below the statutory

2

maximum is an indicator of a reasonable sentence. United States v. McKinley, 732 F.3d 1291, 1299 (11th Cir. 2013). The defendant bears the burden to show his sentence is unreasonable in light of the record and the § 3553(a) factors.[1] United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

With respect to procedural reasonableness, Appellant Davis argues that the district court did not explain its reasons for imposing a 21-month upward variance. At the time of sentencing, a district court must state its reasons for imposing a particular sentence, and, if the sentence is outside the advisory guidelines range, the court must state the specific reason for the variance. 18 U.S.C. § 3553(c)(2). If the district court imposes a variance, it must "ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation marks omitted). The district court's reason need not be lengthy; a brief explanation will suffice when the context and the record indicate the reasoning behind the chosen sentence. United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc). It is sufficient if the district court has "set forth enough to satisfy the appellate court

_____

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010) (quotation marks omitted).

Here, the record belies Appellant Davis's claim that the district court did not adequately explain its decision to impose an upward variance. In deciding to impose a variance, the district court stated that it had considered the § 3553(a) factors and specifically referenced several factors, including the nature and circumstances of the offense, Davis's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and protect the public. The district court then discussed in detail several circumstances that indicated Davis did not fit "the profile of the guideline in the range that [was] calculated," including: (1) Davis's case was an "incomplete snapshot" of his involvement in the drug conspiracy, (2) since 2004, Davis either was in state custody or on state supervision, but his state sentences had failed to deter him from returning to drug conspiracy; (3) although Davis had periods of legitimate employment, his involvement with drugs "almost never ceased" and it was a "fair conclusion that his support through the drug trade has been significant"; and (4) Davis was "a regular user of marijuana and powder cocaine," even while on state supervision. The district court sufficiently explained its reasons for

4

imposing the 21-month upward variance, and Davis has not shown that his sentence is procedurally unreasonable.

Appellant Davis also has not met his burden to show that the 21-month variance was substantively unreasonable. Davis was involved in a large drug conspiracy that began in 2006 and lasted until 2012. Under the Sentencing Guidelines, Davis was held accountable for only six months of his involvement in the drug conspiracy—the 1.91 kilograms of cocaine powder he was estimated to have distributed between July 2011 and December 2011. This drug quantity estimate was based on wiretapped phone conversations about drug transactions between Davis and another conspirator who was Davis's source in the conspiracy, which indicated that Davis distributed approximately 318 grams of powder cocaine each month.

As the district court found, however, this drug amount was an "incomplete snapshot" of Davis's involvement given that: (1) Davis was not arrested until December 2012 and the above quantities did not include any additional amounts of cocaine Davis may have distributed between December 2011 and December 2012 while he was a member of the drug conspiracy; (2) Davis was distributing cocaine as part of the conspiracy as early as September 2008, when he was arrested and later convicted in state court of sale and possession of cocaine (the "2008 drug conviction"); (3) Davis's 2008 drug distribution conduct, although relevant

5

conduct, was not used to calculate either his offense level or criminal history score under the guidelines; [2] and (4) if the 2008 drug conviction had been scored as part of his criminal history, Davis would have qualified as a career offender, with a much higher advisory guidelines range.

In addition to his 2008 drug conviction, Davis also has a 2004 state court conviction for possession of cocaine with intent to distribute, making the instant drug conspiracy conviction Davis's third drug trafficking conviction in less than ten years. The district court aptly described Davis's criminal history as disturbing because "[i]t never cease[d]." As the district court noted, Davis had remained either in state custody or on state supervision since 2004. Indeed, Davis was still on state probation for his 2004 conviction and on state parole for his 2008 conviction when he committed the instant federal offense. And, despite the fact that Davis had served two years for his 2008 drug conviction, less than a year after his September 2010 parole (by July 2011 at the latest), he had resumed distributing cocaine for the conspiracy.

---

[2]Because the conduct underlying the 2008 drug conviction occurred during the charged federal drug conspiracy, the district court considered it relevant conduct rather than as a prior sentence, and did not assign that 2008 drug conviction any criminal history points. See U.S.S.G. §§ 4A1.1(a)-(c) (assigning criminal history points for prior sentences), 4A1.2(a)(1) (defining a prior sentence to exclude conduct that is part of the instant offense); 4B1.2(c) (defining "two prior felony convictions" for career offender purposes as felony convictions counted separately under § 4A1.1(a)-(c)). The district court also did not include the drug quantities from the 2008 drug conviction in the offense level computation. Therefore, Davis's 2008 drug conviction had no impact on his advisory guidelines range.

Although Davis presented evidence of some legitimate earnings over the years, he had no social security wages in 2010 and only $649.63 in 2011.  As the district court noted, Davis's insignificant earnings suggest that he supported himself through his drug distribution.  Finally, Davis admitted to using controlled substances, including marijuana, cocaine, and ecstasy, throughout his time on state supervision and up to the time of his arrest on this federal charge.

Appellant Davis argues that his two years in state custody for the 2008 conviction should have carried "heavy weight."  The district court heard Davis's mitigation argument that he had already served two years for his 2008 conviction, but concluded that this fact actually weighed in favor of a longer sentence because the two-year prison term had failed to deter Davis.  Davis's argument essentially asks us to reweigh the relevant § 3553(a) factors, which we do not do as long as the ultimate sentence is reasonable.  See United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010).

Based on these facts, the district court concluded that a custodial sentence above the advisory guidelines range of 57 to 71 months was needed to promote respect for the law, provide just punishment, and protect the public from further criminal activity by Davis.  The district court's reasons were sufficiently compelling to justify the 21-month variance, and we cannot say that the 92-month

7

total sentence, well below the twenty-year statutory maximum, was substantively

unreasonable.

    **AFFIRMED.**